IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA, )
)
v. ) CV. NO. 15-168 Erie
)
BUWLUS A. MUHAMMAD, )
)
Defendant. )

## MEMORANDUM OPINION and ORDER

Petitioner Buwlus A. Muhammad filed Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 seeking an evidentiary hearing, and ultimately an order vacating his conviction and judgment of sentence. Petitioner was charged with five counts of mailing threatening communications in violation of 18 U.S.C. § 876, as a result of sending five envelopes containing a solid, white powder to three Common Pleas Court Judges, the Erie County District Attorney's Office, and the Mayor of Erie, Pennsylvania. On August 20, 2007, Mr. Muhammad was convicted by a jury of all five counts. Presently before the Court is Petitioner's Appeal of the Magistrate Judge's Order denying Petitioner's request for bail pending disposition of his Petition.

Bail pending review of a habeas petition is available "'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992), quoting Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.1974). The United States Court of Appeals for the Third Circuit has "stated that the factual predicate for the exercise of [deciding whether to grant bail pending review of a habeas petition] was a finding of "extraordinary circumstances." Landano, 970 F.2d at 1239, quoting Lucas v. Hadden, 790 F.2d 365 (3d Cir.1986). "This 'standard reflects the recognition that a preliminary grant of bail is an

exceptional form of relief in a habeas corpus proceeding.'" Landano, 970 at 1239, quoting Lucas, 790 F.2d at 367.

This standard requires consideration of both whether petitioner has a high probability of success and whether extraordinary or exceptional circumstances exist. We will briefly consider Petitioner's argument for relief under the standards for considering a request for bail.

Petitioner's habeas argument relies on the recent United States Supreme Court decision of Elonis v. United States, 135 S. Ct. 2001 (2015), in which the Court held that for a defendant to be convicted of transmitting in interstate commerce "any communication containing any threat ... to injure the person of another" in violation of 18 U.S.C. § 875(c) required a showing that the defendant intended to issue threats or knew that communications would be viewed as threats.

In Elonis, the jury was instructed that Elonis could be found guilty if a reasonable person would foresee that his statements would be interpreted as a threat. The jury was given no instruction regarding Elonis's mental state as to whether he knew he was communicating a threat. As the Supreme Court explained, the "jury was instructed that the Government need prove only that a reasonable person would regard Elonis's communications as threats, and that was error. Federal criminal liability generally does not turn solely on the results of an act without considering the defendant's mental state." Elonis, 135 S. Ct. at 2012.

Petitioner argues that Elonis stands for the proposition that the specific intent element of his crime must be proven beyond a reasonable doubt. Pet. Mot. Bail, ¶ 6. Petitioner further argues that the standard for determining whether a defendant communicated a threat to injure is a subjective standard focusing on "what a defendant intended his communication to be and not under the legal[ly] insufficient reasonable persons standard." Pet. Mot. Bail, ¶ 6. He concludes

2

that his conviction was based on an erroneous reasonable person instruction given to the jury and therefore his conviction should be reversed and vacated. Pet. Mot. Bail, ¶ 7.

The government has yet to file its Response to the Petition. There may be procedural impediments to relief for Petitioner, however we cannot say that there is a high likelihood that Petitioner would be successful even were he to overcome any procedural barriers to relief. Preliminarily, we note that the Elonis case concerned section 875(c), whereas Petitioner was convicted under section 876, and thus it not certain that the same standard would apply to an 876 violation. See United States v. Kirsch, 2015 WL 9077546, at *5 (W.D.N.Y. Dec. 16, 2015) ("Elonis is a case of statutory construction, and as such, is limited to 18 U.S.C. § 875(c)").

Moreover, a significant portion of trial testimony specifically revolved around what Mr. Muhamad's intent was when he deposited the five envelopes containing a white powder into the mail to the above-named addressees. Mr. Muhammad has consistently based his arguments on the fact that the white powder in the envelopes was not actually a harmful substance and could not actually have harmed anyone. However, the government focused on the threatening nature of the communication, which was the fact that white powder was sent to government offices. The trial testimony sufficiently established that Petitioner subjectively intended his communications as threats. Thus, even if there was an error in the jury instructions, it is likely such error would be harmless. See United States v. White, 810 F.3d 212, 222 (4th Cir. 2016)

In any event we do not find extraordinary circumstances in this case to warrant granting bail pending disposition of Petitioner's habeas petition. "Very few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving poor health or the impending completion of the prisoner's sentence." Landano, 970 F.2d at 1239.

Accordingly, we will deny Petitioner's appeal. We understand Petitioner's frustration that the government has yet to respond to his petition. The government's response was initially due October 15, 2015, and presently, the response is due March 22, 2016. As noted in the government's motion seeking additional time to respond, the purpose for the extension is due to the fact that the <u>Elonis</u> decision impacts many cases across the country, and the government has a legitimate interest in carefully considering a response in order to appropriately respond. The government's response will provide both Petitioner and this Court with a more comprehensive and complete consideration of the issues he raises.

AND NOW, to-wit, this __14th__ day of March, 2016, it is hereby ORDERED, ADJUDGED, and DECREED that Petitioner Buwlus Muhammad's Appeal of the Magistrate Judge's Order denying Petitioner's request for bail pending disposition of his Petition be and hereby is DENIED.

*Maurice B. Cohill, Jr.*
Maurice B. Cohill, Jr.
United States District Court Judge

cc:  Buwlus Muhammad, pro se
 20254-068
 USP Hazelton
 P.O. Box 2000
 Bruceton Mills, WV 26525